UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ST CHARLES HOUSING L P                    CASE NO.  2:21-CV-03416

VERSUS                                    JUDGE JAMES D. CAIN, JR.

ELITE CONTRACTORS L L C ET AL             MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the Court is a "Motion for Contempt and to Dismiss Plaintiff's Case" (Doc. 96), wherein Defendant, and Third-Party Plaintiff, Elite Contractors, LLC ("Elite") move to have Plaintiff, St. Charles Housing LP's case dismissed for failure to Comply with the Court's Orders dated January 5, 2026,[1] and January 23, 2026.[2]

## BACKGROUND

St. Charles Housing LP ("St. Charles") is the owner of a residential apartment complex that was allegedly damaged by Hurricane Laura on August 27, 2020, and Hurricane Delta on October 9, 2020.[3] St. Charles filed the instant action on September 24, 2021.[4]

Plaintiff alleges that, on September 25, 2020, Plaintiff engaged Elite to perform the restoration and construction work on the Property (the "Project").[5] On or about January 2, 2021, Elite and Sharpco executed a joint venture agreement (the "JVA") for the purpose of

---

[1] Doc. 83.
[2] Doc. 90.
[3] Doc. 1, ¶ ¶, 13-16.
[4] *Id.*
[5] *Id.,* ¶ 18.

construction, renovation, and remodeling in connection with the Project.[6] Plaintiff alleges that Elite is responsible for certain construction defects, breach of contract, and false statements, among other allegations in its Complaint, which Defendant denies.[7]

Elite filed a Counterclaim against St. Charles Housing, LP,[8] wherein Elite alleges that St. Charles Housing, LP unjustly refused to pay for the services, repairs, goods, and materials provided by Elite to, and for the benefit of, St. Charles Housing, LP, and to pay for the materials, per diem expenditures, housing, hotel, and fuel costs, and equipment for the provided by Elite to, and for the benefit of, St. Charles Housing, LP. [9]

On January 23, 2024, over two years ago, Defendant propounded discovery to Plaintiff in the form of Interrogatories and Requests for Production.[10] St. Charles failed to respond,  which prompted Elite to schedule a Rule 37 conference on February 5, 2025.[11] During this conference, Elite provided St. Charles an extension to respond until March 7, 2025.[12] Because St. Charles failed to respond after being granted the extension, Elite filed a Motion to Compel,[13] which resulted in a Consent Judgment entered into the record on April 30, 2025.[14] The Consent Judgment ordered St. Charles to respond to the written discovery by May 6, 2025, and granted Elite attorney fees.[15] Additionally, the Order stated

---

[6] *Id.* ¶ 22.
[7] *Id.* ¶ 32-117.
[8] Doc. 12, Counterclaim, ¶ 16.
[9] *Id.* ¶ 17.
[10] Doc. 54-2.
[11] Doc. 54-3.
[12] Docs. 54-2 ad 54-3.
[13] Doc. 54.
[14] Doc. 65.
[15] *Id.*

that if St. Charles failed to respond as ordered, Elite would be entitled to seek appropriate relief pursuant to Federal Rule of Civil Procedure 37(b)(2) and other applicable law.[16]

Elite complains that St. Charles produced some documents but did not provide written answers to the Request for Production of Documents and answers to the Interrogatories were incomplete and had missing answers.[17]

St. Charles provided response to the Interrogatories two days late on May 8, 2025.[18] But again, St. Charles produced some documents but did not provide written answers to the Request for Production of Documents,[19] and the answers to the Interrogatories were incomplete and had missing information.[20]

On November 11, 2025, Elite filed a Second Motion for Contempt,[21] and again St. Charles responded that it would provide supplemental responses by December 5, 2025.[22] Elite complains that those supplemental responses were not provided and a hearing before the Magistrate Judge was held on January 5, 2026, which resulted in a second Order from the Court granting Elite's Motion to Compel and ordering St. Charles to fully respond within 14 days of the Order.[23] The Order further stated that

> [a]ll objections are considered waived, so responses are to be provided ***without objection*** except for any claim of privilege. ***If responses are not received, the Court will dismiss the claims of St. Charles Housing L P and limit its defenses with regard to the counterclaim.*** Court awards monetary sanctions in the form of attorney's fees

---

[16] *Id.*
[17] Doc. 67-5.
[18] Doc. 67-4.
[19] Doc. 67-5.
[20] Doc. 67-4.
[21] Doc. 67.
[22] Doc. 72.
[23] Doc. 83.

and costs. Elite Contractors LLC is to file a statement of fees and costs with an affidavit within 10 days from today. St. Charles will have 7 days to respond.[24]

Elite is renewing its request for dismissal of this case due to St. Charles's continued failure to fully respond to discovery, for obstruction of the progression of this case, denial of this Court's authority, and failure to comply with the Court's Rules and Orders.

## LAW AND ANALYSIS

Federal Rule 37(b) provides sanctions for failure to participate in discovery. Specifically, if a party fails to obey an order to provide or permit discovery, such as the Orders by this Court,[25] the Court may issue further orders, as follows:

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

\* \* \*

(v) dismissing the action or proceeding in whole or in part;

Rule 37(b)(2)(c) also requires that the disobedient party be ordered to pay the reasonable expenses, including attorney's fees, caused by the failure. Certain factors are considered in determining whether the sanction is an appropriate response to a party's disobedient conduct, which include: (1) the violation or violations were the product of willfulness or bad faith, (2) whether the violations caused other parties to suffer prejudice,

---

[24] *Id.* (emphasis added)
[25] Doc. 83.

(3) whether the violation caused delay in the proceedings, (4) whether the disobedience was an isolated event or was part of a pattern of misbehavior, and (5) whether less severe sanctions had been imposed earlier on the disobedient party without sufficient effect. See Moore's Federal Practice 3rd, §37.51(6).

Elite contends that St. Charles's actions are not isolated but are a pattern of behavior since the inception of this litigation and the less severe sanctions imposed against it have failed to provoke St. Charles to comply with the Court's Orders.

Elite has provided each Request for Production and Interrogatories,[26] along with St. Charles's alleged deficient response and an explanation as to why Elite believes the responses are deficient.

Elite complains regarding Interrogatory No. 2, that St. Charles failed to provide the last known address of a "Ms. Duenas." St. Charles comments that the Interrogatory only asked for her address, not the last known address, and because Ms. Duenas is no longer employed by St. Charles, its response cannot be in violation of the Order.  The Court finds that St. Charles's explanation does not meet the spirit of the discovery process and is in violation of the Court's Orders.

Elite complains that St. Charles failed to respond to Interrogatory No. 4; Elite requested that St. Charles identify any and all officers, employees, representatives and/or agents of St. Charles Housing, LP who were involved with any decisions related to the work completed on the Project by Elite, or who were involved in the Project in any way;

---

[26] Specifically Interrogatories 2, 4, 5, mislabeled 5,  7, 8, 10, 11, 12, 13, 16,17, 18, 19, 20; Requests for Production 2, 4, 5, 6, 8, 10, 12, 13, 14, 15, 16, 17, 18.

additionally, St. Charles was requested to provide a brief description of their involvement with the Project, including their position and scope of authority.

Elite complains that while St. Charles's responses list certain fact witnesses, the responses do not provide the witnesses position or scope of authority as it relates to the project, nor does it provide any information as to the witnesses' involvement in the project.

St. Charles comments "that in an abundance of caution, Plaintiff will supplement its response within fourteen (14) days of the date of this Opposition. Additionally, Plaintiff will provide its supplemental response to the Court if so ordered by this Court."[27] The Court notes that St. Charles has already been ordered, not once but twice to fully and completely respond to Elite's Interrogatories and Requests for Production. The Court finds that again St. Charles has violated the Court's Order by its failure to respond.

Elite complains of St. Charles's response to Interrogatory No. 5 that requested the email addresses, both business and personal, used by any and all officers/employees/representatives/agents identified in response to Interrogatory No. 3 and 4, during August 2020-present, and other information regarding devices used. Elite contends that St. Charles failed, as requested, to "identify the devices used by each to access their email accounts including in your response the custodian of those devices, whether or not those devices and email accounts were/are provided to them/owned by You, or whether they are personal email accounts or personal computers/devices owned by the respective officer, employee, representative, agent."

---

[27] Doc. 98, p. 3.

St. Charles remarks that it agreed to identify this additional information during the 30(b)(6) deposition that was set for March 2, 2026. That deposition did take place and will be addressed below.

Elite complains as to the "mislabeled" Interrogatory No. 5, which requested that St. Charles identify all persons that it conferred with or interviewed concerning the lawsuit and/or its subject matter, or whom St. Charles obtained a statement, as well as the date and place each interview or conference took place and the person(s) present at the conference. St. Charles's response was "Corporate representatives of The Vertex Companies, Inc."

St. Charles provides the Court with no explanation but suggests that it "will supplement its response within fourteen (14) days of the date of this Opposition. Additionally, Plaintiff will provide its supplemental response to the Court if so ordered by this Court."[28] The Court finds that St. Charles has violated the Court's Orders by not providing the requested information.

Elite complains that St. Charles failed to respond to Interrogatory No. 7, which requested that St. Charles state whether it was "in possession of a photograph or video depicting the allegations in Plaintiff's Complaint, and if so, please list each such photograph or video and state the date and name of the person who took the photograph(s) or video(s)." St. Charles's response was "Please see documentation identified in the "Vertex Reports" folder of the Drive."

---

[28] *Id.* p. 3.

Elite argues that such response does not indicate who is in possession of the original photographs and does not state the date and name of the person who took the photographs. Additionally, Elite informs the Court that these are not the only photographs in Plaintiff's possession, as the responses to the Requests for Production of Documents, which were not Bates labeled by Plaintiff's counsel, include some black and white photos attached to an email from Jennifer Duenas.[29] Thus, Elite contends that St. Charles has not identified all photographs in its possession. The Court finds that St. Charles has not complied with the Court's Orders and is in violation of same.

Elite complains that St. Charles has not complied with Interrogatory No. 8, which requested that it "identify with specificity the specific defects or deficiencies you allege as it relates to the Work on the Project completed by Elite."[30] St. Charles's response was "Please see documentation identified in the "Vertex Reports" folder of the Drive."

Elite complains that St. Charles failed to respond to Interrogatory No. 10, which requested that it "describe any and all remediation and/or mitigation efforts taken by You to address the Construction Defects alleged in your Complaint regarding the work completed by Elite."[31] St. Charles's response was "Please see documentation identified in the following folders of the Drive: Vertex Reports, Invoices and Damages."

Concerning Interrogatories No. 8 and 10, Elite contends that St. Charles has not invoked Federal Rule of Civil Procedure 33(d), and even if it had, answering an interrogatory by generally referring to information or documents provided does not satisfy

---

[29] Defendant's exhibit B.
[30] Doc. 96-1, p. 6.
[31] *Id.* p. 7.

the requirement that the answer must be made fully, in writing, under oath and signed by the party.

St. Charles provides the Court with no explanation but suggests that it "will supplement its responses within fourteen (14) days of the date of this Opposition. Additionally, Plaintiff will provide its supplemental response to the Court if so ordered by this Court."[32] The Court finds that St. Charles has violated the Court's Orders by not providing the requested information.

Elite complains that St. Charles objected to Interrogatory No. 11—"Please identify any contractor, subcontractor, engineer, surveyor and/or other individual You have retained at any point since the discovery of the alleged Construction Defects in the work completed by Elite and who conducted an investigation of Plaintiff's alleged damages."

St. Charles's response is

> St. Charles incorporates its general objections herein by reference. St. Charles further **objects** to this Interrogatory to the extent it seeks the disclosure of a witness list before the time set forth for the exchange of such information between the parties by the Federal Rules of Civil Procedure, local rules of court, and/or scheduling order to be entered by the Court in this matter. It is therefore premature. The identity of St. Charles fact witnesses will be provided on or before the date required to exchange such information between the parties by the Federal Rules of Civil Procedure, local rules of court, and/or the Court's scheduling order after a trial date is set.

As noted by Elite, St. Charles had waived all objections other than a privilege. Elite's response was that it "will provide its supplemental responses within fourteen (14) days of the date of this Opposition.  Additionally, Plaintiff will provide its supplemental

---

[32] *Id.* p. 3.

response to the Court is so ordered by the Court."[33] The Court finds that St. Charles has violated this Court's Order to respond to St. Charles's discovery request.

Elite also complains of the response to Interrogatory No. 12 which requested that St. Charles "identify by present business address and field of specialization, each expert that was expected as a will call or may call witness and give a summary of (1) the grounds for each opinion; (2) identifying all data and other information considered by all experts in forming their expert opinions, including but not limited to information provided by counsel; (3) identifying any and all exhibits to be used as a summary of or in support of all experts' opinions; (4) identifying the qualification of all experts including a list of all publications authored by the expert within the preceding 10 years and a listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the past 4 years and designate by whom (firm and attorney) he or she was hired, and identify the compensation paid to all expert witnesses for the study and their testimony and (5) identifying all drafts of all experts' reports and communications, including notes and electronically stored information or portions thereof regarding their opinions and services with regard to this litigation."

St. Charles's response was that it "has contacted its experts to request the following information: all publications authored by the expert within the preceding 10 years, and all cases in which the expert witness has testified as an expert at trial or by deposition within the past 4 years. Upon receipt of such information, the information will be immediately

---

[33] Doc. 98, p. 4.

forwarded to you. Additionally, it is the understanding of St. Charles that its experts provided drafts and notes regarding their opinions in response to a subpoena issued by you." Elite informs the Court that as of the date of filing of the instant Motion, St. Charles has failed to provide this information.

St. Charles remarks that it received this information on January 22, 2026, and adds that not forwarding same to defense counsel was an oversight. The Court notes that Elite's Motion was filed on February 24, 2026, and St. Charles filed its opposition on March 17, 2026, the date it also forwarded this information to Elite's counsel.

The Court finds that St. Charles has violated the Court's Orders to fully and completely respond to Elite's discovery requests.

Elite complains that St. Charles's response to Interrogatory 13 that requested a list of each and every document and/or exhibit St. Charles intended to use at trial was deficient. Elite contends that again St. Charles violated the Court's previous Order by objecting to the Interrogatory as premature because it did not have to exchange this information before the time set forth for the exchange between the parties pursuant to the Federal Rules of Civil Procedure, local rules of court and the scheduling order. Elite also complains that St. Charles listed certain categories of documents and stated that "after inspecting for privilege, this correspondence can be provided on a flash drive." Elite informs the Court that St. Charles failed to provide a privilege log as required by Federal Rule of Civil Procedure 26(b)(4)(A)(ii) and has yet to provide these additional documents.

St. Charles remarks that it is not asserting any privilege, thus, a privilege log was not provided.  Additionally, St. Charles states that it sent the documents pursuant to the "Drive."

Elite complains of St. Charles's responses to Interrogatory 16 that requested information for any claim reported to any insurer or application for grant money, loans, or disaster assistance from any state or federal governmental agency or organization for damage to the property at issue in this lawsuit:

1.    Date claim was made and to whom;

2.    Amount of claim;

3.    Type of damage giving rise to claim;

4.    Amount paid on claim and date of receipt;

5.    Identify all documents relating to this claim.

St. Charles responded as follows: "Please see documentation identified in the "Insurance Claim" folder of the Drive." However, Elite remarks that St. Charles has not invoked Federal Rule of Civil Procedure 33(d), and even if it had, answering an interrogatory by generally referring to information or documents provided does not satisfy the requirement that the answer must be made fully, in writing, under oath and signed by the party. Rule 33(b)(3) and (5) of the Federal Rules of Civil Procedure; *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., LLC,* 2011 WL 765925, at *3 (M.D. La. Feb. 25, 2011); A party's obligation to specify the records to be reviewed "generally requires an answering party to point to specific documents, by name or bates number, and not pointing the

requesting party generally to document productions." *Samsung Elecs. Am., Inc. v. Yang Kun Chung,* 321 F.R.D. 250, 282 (N.D. Tex. 2017) (quotation omitted).

Elite complains that St. Charles failed to properly respond to Interrogatory 17, wherein Elite requested "an itemization of damages which you contend you incurred as a result of the alleged Construction Defects alleged in your Complaint regarding the work completed by Elite and provide the following:

(a) State the monetary amount of damages that You calculate(d) to have been caused by the work completed by Elite;
(b) Identify the mathematical formula(e), including all input and assumptions, used to calculate each sum;
(c)Identify all authoritative publications which you relied upon to establish the method and formula(e) by which each sum was calculated as legitimate, customary, or proper; and including values, constants, other numbers, or dates, to perform each calculation."

Elite remarks that St. Charles responded as follows: Plaintiff claims its damages are $2,668,841.00" and "Please see documentation identified in the following folders of the Drive: Invoices and Damages."

Elite complains that St. Charles filed to properly respond to Interrogatory 18 when it requested that St. Charles "identify any and all communications between St. Charles Housing, LP and any of the following parties regarding the Project: Elite Contactors, LLC, Sharpco Construction, LLC, Ted Reed Architecture, and any communication with U.S. Building Consulting Group, Mule-Hide Products Co, Inc., and/or any third parties involved in the Project." St. Charles's response was "Please see documentation identified in the "Elite Correspondence" folder on the Drive."

Elite complains that St. Charles's response to Interrogatory 19 was deficient when it requested that it identify any and all reports or written documents containing information regarding the Project and Elite's work on the project that are in your possession. St. Charles's response was "Please see documentation identified in the Drive."

St. Charles provides no explanation as to why it did not provide the information in Interrogatories 16, 17, 18, and 19, but again remarks that it will supplement within 14 days of the opposition and will supplement its responses to the Court is so ordered by the Court. Elite contends that St. Charles has failed to invoke Rule 33(d) and that its general referral to information or documents does not satisfy the requirement that the answer be made fully and in writing, under oath, and signed by the party.

The Court finds that St. Charles has violated the Court's Order to fully and completely respond to Elite's discovery requests.

Next, Elite directs the Court to its counterclaim, which prompted Interrogatory No. 20 requesting that St. Charles provide access to a complete "punch list" (minor) roofing work by a Louisiana licensed and Mule Hide approved roofing contractor. Elites complains that St. Charles refused to permit the Mule Hide approved roofing contractor to have access to the property to complete the roofing work in order to have the full Mule Hide warranty issued. Elite also requested that St. Charles identify any and all communications sent or received by in response to this request, including any and all internal communication sent by any of your employees or representatives.

St. Charles's response was: "Please see documentation identified in the "Elite Correspondence" folder on the Drive." However, Elite informs the Court that this folder

contained no internal communications at all, and no communications related to Mule-Hide, and an inspection of the property. St. Charles provides no response here.

Elite complains that St. Charles has failed to invoke Federal Rules of Civil Procedure 33(d) and if it had, answering an interrogatory by generally referring to information or documents provided does not satisfy the requirement that the answer must be made fully, in writing, under oath and signed by the party.

St. Charles informs the Court that it agreed to provide additional information during the March 2, 2026, deposition and that it will supplement its responses within fourteen (14) days of the date of this Opposition. Additionally, it will provide its supplemental response to the Court if so ordered by this Court. The Court finds that St. Charles has violated the Court's Order by its failure to fully respond to Interrogatory No. 20.

Elite's Requests for Production No. 2, 4, 5, 6, 8,  and 10, are (1)  certain documents regarding communications in writing or electronically generated, (2) reports or written document that contain information on the Project and Elite's work, (3) photographs, video, or film that depict allegations made by St. Charles, (4) full and complete copies of any claim made in connection with the litigation, (5) all documents to support any remediation and/or mitigation conducted by St, Charles to address the alleged construction defects.

St. Charles's response was for Elite to seek documentation identified in specific folders of the "Drive."  Elite again contends that St. Charles has failed to invoke Federal Rules of Civil Procedure 33(d) and if it had, answering an interrogatory by generally referring to information or documents provided does not satisfy the requirement that the answer must be made fully, in writing, under oath and signed by the party.

Again, St. Charles informs the Court that it had "agreed to identify and provide any additional information, to the extent it exists, during the 30(b)(6) deposition of Plaintiff on March 2, 2026."[34] However, in an abundance of caution, Plaintiff will supplement its response within fourteen (14) days of the date of this Opposition. Additionally, Plaintiff will provide its supplemental response to the Court if so ordered by this Court.

Lastly, in Requests for Production Nos. 12, 13, 14, 15, 16, 17,  and 18, Elite requested information as to St. Charles's experts that included copies of data and other information  that would be relied upon, exhibits to be used as a summary or in support of the experts' opinions, qualifications, publications, compensation paid, lists of cases, reports and communications and notes, and explanations concerning alternative approaches or opinions. St. Charles's response was "St. Charles does not currently possess any documents requested in this Request for Production. St. Charles has contacted its experts to request this information and will immediately forward such information to you upon receipt." Elite complains that as of the date it filed the motion, St. Charles failed to produce any information requested as required by Rule 26 of the Federal Rules of Civil Procedure.

As to Requests for Production Nos. 12-18, St. Charles contends that Elite fails to specifically allege how Plaintiff's responses violate this Court's Order. However, in an abundance of caution, Plaintiff will supplement its response within fourteen (14) days of the date of this Opposition. Additionally, Plaintiff will provide its supplemental response to the Court if so ordered by this Court.

---

[34] Doc. 98, p. 7.

Elite argues that St. Charles has clearly violated Rules 26 and 37 of the Federal Rules of Civil Procedure, and that lesser sanctions have been unsuccessful, causing Elite to be prejudiced and prohibited from determining the allegations St. Charles has made against it.  Additionally, it has caused Elite financial prejudice by being forced to expend significant costs and attorney fees in its quest to discover information regarding its own defense as well as its counterclaim. Elite moves to have St. Charles's claims against it dismissed.

Elite also informs the Court of its attempts to depose one of St. Charles's owners, Marc Menowitz, which again the Court ordered St. Charles to agree upon a deposition date by February 4, 2026.[35]  Elite remarks that St. Charles has failed to provide an available date before the February 4, 2026, deadline despite its repeated requests.

In its reply Elite informs the Court, that it after filing the instant motion, it was able to depose an owner of St. Charles—Todd Menowitz, Marc Menowitz's brother. Elite informs the Court and complains as follows concerning that particular deposition:

During that deposition, Todd Menowitz testified about information and documents that were not produced in discovery or in response to the request for documents sent with the 30(b)(6) deposition notice.[36] Elite informs the Court that despite Menowitz and his counsel promising that they would produce such documents following the deposition, no such documents have been produced. The relevant list of Elite's complaints concerning deficient responses is as follows:

---

[35] Doc. 90.
[36] Defendant's exhibit A 30(b)(6) Deposition Notice.

1.      Menowitz testified that there were documents related to an inspection completed in 2016, which has not yet been produced.[37] (Request for Production No. 20);[38] (30b6 Notice, Request for Documents, No. 17).[39]

2.      Menowitz confirmed he has not produced any documents pertaining to tenant occupancy before or after Hurricane Ida.[40] Elite was able to confirm that St. Charles produced rent rolls for 2019 and 2020 but has not produced such information for anytime up until 2023, as requested. (30b6 Notice, Request for Documents, No. 13).[41]

3.      Menowitz confirmed that he has not produced all of the documents related to expenses for repairs and maintenance of the property.[42] (30b6 Notice, Request for Documents, No. 17);[43] (Request for Production No. 10).[44]

4.      Menowitz stated that although many records are housed in Lake Charles, LA, he did not reach out to the property manager's office in Lake Charles, regarding any of the records because "a lot was damaged in the storm."[45] However, many of the records requested, especially those related to repairs would have been created after the storm. (30b6 Notice, Request for Documents, No. 17);[46] (Request for Production No. 10).[47]

5.      Menowitz confirmed that he searched for any notices and inquiries regarding violations from any local city or state government entity. However, he could not recall whether he requested that his brother Marc Menowitz, an additional owner of St. Charles Housing, completed a search as to whether he had any documents responsive to the request, despite the fact that he testified that many documents may be stored in Marc Menowitz's office.[48] (30b6 Notice, Topic No. 19, Request for Production No. 18).[49]

6.      Menowitz confirmed that he had not produced all communication, correspondence, memorandum reports, draft reports, telephone demos, et cetera,

---

[37] Defendant's exhibit B, Todd Menowitz deposition, p. 39.
[38] Doc. 96-4.
[39] Defendant's exhibit A.
[40] Defendant's exhibit B, Todd Menowitz depo. pp. 48-52.
[41] *Id.*
[42] *Id.* pp. 54, 58-59.
[43] Defendant's exhibit A.
[44] Doc. 96-4.
[45] Defendant's exhibit B, Todd Menowitz, pp. 27-28.
[46] Defendant's exhibit A.
[47] Doc. 96-4.
[48] Defendant's exhibit B, Todd Menowitz,. pp. 57-58.
[49] Defendant's exhibit A.

concerning St. Charles Housing property, including but not limited to any and all communication between Apartment Corp and a representative of St. Charles Housing LP or St. Charles Place Apartments regarding Elite Contractors' work on the property.[50] (Interrogatory No. 18, Request for Production No. 12); (30b6 Notice, Request for Documents, No. 25).[51]

7. Menowitz confirmed that all communication, correspondence, memorandum reports, draft reports, telephone memos, et cetera, concerning the property, including but not limited to any and all communication between CalBid brokers and a representative of St. Charles Housing or St. Charles Place Apartments regarding the Elite Contractors' work on the property. However, he could not recall whether he asked his brother Marc Menowitz to complete a search as to whether he had any documents responsive to the request, despite the fact that he testified that many documents may be stored in Marc Menowitz's office.[52] (30b6 Notice, Topic No. 19, Request for Documents No. 27);[53] (Interrogatory No. 5).[54]

8. Menowitz confirmed he may or may not have inspection photos taken by Jennifer Duenas, during her inspection of alleged deficiencies or defects in the project and work completed by Elite. But, he would search and provide them.[55] (Interrogatory No. 7, Request for Production, No. 20);[56] (30b6 Notice, Request for Documents No. 12). [57]

Elite contends that St. Charles has promised for over two (2) years to supplement its responses but as is evident from the 30(b)(6) deposition, it has failed to do so and has failed to provide a credible justification for its failure to produce the requested discovery, despite numerous motions to compel that were granted, and warnings that this lawsuit would be dismissed with prejudice.

---

[50]  Defendant's exhibit B, Todd Menowitz,  pp. 64-65.
[51] Defendant's exhibit A.
[52] Defendant's exhibit B, Todd Menowitz, pp. 65-66
[53] Defendant's exhibit A.
[54] Doc. 96-4.
[55] Defendant's exhibit B, Todd Menowitz, pp. 125-126
[56] Doc. 96-4.
[57] Defendant's exhibit A.

St. Charles asserts that it provided Elite with a link to documents produced via a Google Drive link (the "Drive") and that it has provided all correspondence it believes is in its possession and additionally notes that its response was to a request for production, not an interrogatory. However, Rule 34 as it relates to production of documents, contains parallel obligations, and provides that a party responding must either produce documents "as they are kept in the usual course of business" or "must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

St. Charles also suggests that its deficiencies are "minor" as they relate to the major issues in this case. Elite disagrees and asserts that St. Charles's failure to produce discovery has prohibited it from determining St. Charles's allegations of potential damages and witnesses and prevented Elite from developing its defenses.

St. Charles acknowledges that prior to the Court's order, its responses to discovery were insufficient, but suggests that it followed the Court's Orders in good faith. St. Charles faults Elite for not contacting it directly instead of filing the instant motion and instead chose to file the instant Motion to Dismiss—a remedy of last resort.

Elite argues that St. Charles's continued failure to respond to discovery and obstruction to proceed in this case, along with St. Charles's non-compliance with the Court's Orders warrants dismissal with prejudice.

While the Court acknowledges that a dismissal with prejudice is a remedy of last resort, it is abundantly clear, the lesser sanctions by the Court have not motivated St. Charles to comply with this Court's order, and the rules of the Court as to the discovery process. The Court further notes that Elite has been forced to file Motions to Compel the

Page **20** of **21**

depositions of Marc Menowitz, Jamin Tran,[58] and Jennifer Duenas by Elite,[59] in addition to the two Motions to Compel discovery, as well as the instant Motion to Dismiss. The Court finds that Elite has been substantially prejudiced by St. Charles's failure to produce the relevant discovery. Additionally, St. Charles has failed to comply with the Court's deadlines, it has violated multiple Court orders, ignored the rules of civil procedure, all without any reasonable explanation and/or justification. St. Charles is out of chances. See *Worrell v. Houston Can! Acad.*, 424 F. App'x 330, 337 (5th Cir. 2011), citing *Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989) (affirming a district court's dismissal under Rule 37(b)(2) when "prior to dismissing the appellant's complaint the district court twice imposed monetary sanctions for discovery abuses and warned the appellant that further failure to comply with such orders would result in dismissal of his complaint").

## CONCLUSION

For the reasons explained herein, the Court will grant Motion for Contempt and to Dismiss Plaintiff's Case (Doc. 96) in its entirety, dismiss St. Charles's claims against Elite, and order St. Charles to pay Elite's costs and expenses in connection with seeking this Motion pursuant to Rule 37(b)(2)(C).

**THUS DONE AND SIGNED** in chambers on this 10th day of April, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[58] Doc. 80.
[59] Doc 73.