**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

ST. CHARLES HOUSING LP            CIVIL ACTION NO. 21-3416

VERSUS                                JUDGE ALEXANDER C. VAN HOOK

ELITE CONTRACTORS LLC, ET AL.        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

St. Charles Housing LP ("St. Charles") owned an apartment complex in Lake Charles, Louisiana that suffered damage during Hurricanes Laura and Delta. Record Document 1 at 4-5. St. Charles hired Elite Contractors LLC ("Elite") to restore their property and later filed a complaint against Elite for alleged construction defects, breach of contract, and false statements. *See generally id.* Elite responded with a counterclaim against St. Charles for failing to pay the costs of services rendered and materials. Record Document 12 at 20.

Almost five years after the litigation began, this Court held St. Charles in contempt for persistent, blatant disregard of the Court's orders and discovery obligations. Record Document 100. As a sanction for St. Charles's conduct, this Court dismissed its complaint with prejudice because "the lesser sanctions imposed by the Court have not motivated St. Charles to comply with this Court's order, and the rules of the Court as to the discovery process." *Id.* at 20. St. Charles's conduct and failure to produce discovery had "substantially prejudiced" Elite. *Id.* at 21. Furthermore, the sanction of dismissal with prejudice had been appropriate because "St. Charles has

1

failed to comply with the Court's deadlines, it has violated multiple Court orders, ignored the rules of civil procedure, all without any reasonable explanation or justification." *Id.*

After dismissal of its complaint, St. Charles filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit. Record Document 109. Specifically, St. Charles appealed this Court's judgment that granted Elite's Motion for Contempt and to Dismiss Plaintiff's Case. *Id.* At present, St. Charles's appeal remains pending. *See St. Charles Hous. v. Elite Cont.*, No. 26-30279 (5th Cir. 2026).

Before the Court is a second Motion for Contempt filed by Elite. Record Document 103. Elite asks to strike all the affirmative defenses that St. Charles pleaded in its answer to Elite's counterclaim. *Id.* In the alternative, Elite asks to strike specific affirmative defenses that correspond to Elite's claims or fall within the scope of a discovery order violated by St. Charles. *See* Record Document 103-1 at 2-3.

The Court begins, as it must, by determining whether it has jurisdiction to consider the pending motion. Although St. Charles has appealed the judgment that dismissed its complaint, this Court retains jurisdiction over "matters not involved in the appeal." *See Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981) ("It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal."). Because St. Charles's pending appeal does not concern the counterclaim that is the subject of the pending motion, the Court still has

jurisdiction over the counterclaim. *See, e.g., Johnson v. McDole*, 526 F.2d 710, 711 (5th Cir. 1976) (dismissing interlocutory appeal because counterclaim still was pending before the district court).

Federal Rule of Civil Procedure 37(b)(2)(A) allows a district court to impose sanctions for not obeying discovery orders, including striking a pleading "in whole or in part." District courts have "broad discretion in all discovery matters[,]" and that discretion extends to the imposition of discovery sanctions. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000); *Moore v. CITGO Ref. & Chem. Co.*, 735 F.3d 309 (5th Cir. 2013). In the Fifth Circuit, to strike an affirmative defense, the sanctioned party's conduct must meet two criteria: (1) the discovery violation must be willful, and (2) a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).

In this case, the Court finds that St. Charles's conduct has been willful and that lesser sanctions have failed to deter its repeated violations of discovery orders. St. Charles knew the consequences of defying those orders. The Magistrate Judge explicitly admonished St. Charles that further discovery violations would result in dismissal of its affirmative defenses: "St. Charles's defenses to Elite's counterclaims, to the extent those defenses correspond to its affirmative claims or are otherwise within the scope of Elite's discovery…[will] be stricken." Record Document 84 at 3. Nevertheless, as detailed in the Memorandum Ruling on the first Motion for Contempt, Record Document 100, St. Charles has engaged in a persistent pattern of delay, unresponsiveness, and noncompliance with its discovery obligations, defying

multiple orders and prejudicing Elite's ability to prosecute its counterclaim. Consequently, the Court holds St. Charles in contempt and will strike its affirmative defenses from the answer to Elite's counterclaim.

Although Elite asks to strike all affirmative defenses from St. Charles's answer, the Magistrate Judge's admonishment was limited to those defenses that "correspond to [Elite's] affirmative claims or are otherwise within the scope of Elite's discovery." Record Document 84 at 3. The Court will confine its sanction accordingly.

Elite has identified five affirmative defenses that relate to either its claims against St. Charles or fall within the scope of a defied discovery obligation: Nos. 6, 7, 9, 11, and 15. Record Document 103-1 at 4, 6. St. Charles does not dispute that the identified affirmative defenses are the subject of the Magistrate Judge's admonishment, arguing instead that it did not violate a discovery order and that the proposed sanction is too severe. *See* Record Document 103 at 3. Accordingly, the Court will order the identified affirmative defenses stricken from St. Charles's answer to Elite's counterclaim.

**DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of May, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE